[No. 631. Decided July 19, 1892.]

THE STATE OF WASHINGTON, *on the Relation of R. N. Ash-more, v.* EDWARD F. HUNTER, *Judge of the Superior Court of Lewis County.*

APPEAL—NOTICE—SURPLUSAGE—STAY OF PROCEEDINGS.

Where a notice of appeal recites that it is from an interlocutory order of the court as well as from the final judgment in an action, the part relating to the interlocutory order is mere surplusage; and upon such notice, and the presentation of the proper bond, it is the duty of the court to stay proceedings on the judgment pending appeal.

*Original Application for Prohibition.*

*Reynolds & Stewart,* for relator.

*Edward F. Hunter, in propria persona,* and *Henry S. Elliott,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—It appears from the petition in this cause that on the 13th day of June, 1892, an alternative writ of *mandamus* was issued from the superior court of Lewis county, Washington, against the relator, auditor of said Lewis county, requiring him to show cause on the 16th day of June, 1892, why a peremptory writ of *mandamus* should not issue from said court commanding him, as auditor of Lewis county, to issue a county warrant to one J. W. Barnett, sheriff of said Lewis county, for $230.88 in payment of a claim of said sheriff against said county, which claim was then pending before said court. Among other proceedings the relator, Ashmore, filed his answer to said alternative writ of *mandamus* to which the said Barnett demurred, which demurrer was sustained by the court, and the relator electing to stand upon his answer, Edward F. Hunter, the judge of said court, made and entered a judg-

ment directing a peremptory writ of *mandxmus* to issue
from said court commanding the relator, as said county
auditor, to issue a county warrant of said county of Lewis
for the sum of $230.88 to the said J. W. Barnett, in pay-
ment of said claim.    That, thereupon, on said 16th day of
June the relator, by his attorney, gave notice in open court
of appeal to the supreme court of the State of Washington
from the said orders and judgments, and requested the
said judge to fix the amount of the bond on appeal, which
said judge then and there refused to do, announcing that
he would not allow the relator to appeal from his said
orders and judgment.    That afterwards, and upon the
same day, to wit, the 16th day of June, the relator served
upon the attorneys for Barnett his written notice of appeal
to the supreme court of the State of Washington, and on
said day prepared and filed a good and sufficient bond on
appeal from said judgment, in the sum of one thousand
dollars, conditioned as required by law, for a stay of pro-
ceedings on said judgment, duly executed and signed by
the relator and two good and sufficient sureties, which said
bond was approved by the clerk of said court.    That said
Edward F. Hunter, judge as aforesaid, notwithstanding
said appeal, refused to stay proceedings on said judgment,
and threatened that, unless relator complied with said
orders and judgments, he would imprison him for con-
tempt.

Upon this application, this court having examined the
bond offered and other papers in the case, issued an alter-
native writ of prohibition on the 17th day of June, 1892, as
prayed for, and requiring the said Edward F. Hunter, judge
as aforesaid, to show cause before this court on July 5,
1892, why the writ therein issued should not be made per-
manent.    We think the answer filed in this court by Judge
Hunter is not an answer to the writ.    It is true the answer
alleges that upon the overruling of the demurrer the re-
lator accepted, and gave notice of appeal, and asked the

court to fix the stay bond, which notice of appeal was disregarded by the court, and the court refused to fix the amount of the appeal bond, the court ruling that its orders were not appealable from, the same being simply "interlocutory orders," but the answer does not deny that the final judgment was appealed from. It is true the action of the court in sustaining the demurrer was excepted to and was incorporated in the notice of appeal, but the record shows that the final judgment was also appealed from for the written notice of appeal served on said 16th day of June is as follows:

"    . . . Appeal to the supreme court of the State of Washington from the order of said superior court in sustaining the demurrer to his answer to the alternative writ of *mandamus* issued to him in this case, and also from the order and judgment of this court entered June 16, 1892, and from all said orders of said court in this proceeding directing a peremptory writ of *mandamus* to issue from this court commanding him to immediately issue said county warrants, and to make return of said writ forthwith, and from all of said judgment."

That part of the notice referring to the demurrer is simply surplusage, and does not affect in any way the notice of appeal from the judgment. While one notice was given orally and one in writing, it was all the same day, and all evidently a part of one transaction. The exhibit shows that the bond was sufficient, and as to just what time of the day it was presented to the judge is immaterial. There was an honest attempt to appeal from the judgment of the court, which should have been respected by the court, the law having been substantially complied with. We think all the circumstances of the case as shown by the record, the answer, and the remarks of the judge who appeared in person, show that at the time the notice of appeal was given it was the opinion of the judge that the final judgment was

not appealable, and that the court acted upon that theory in refusing to allow the appeal, and stay the proceedings.

This court being of the opinion that the relator was entitled to appeal from the judgment rendered, and that he had taken the necessary steps to appeal therefrom, it is therefore ordered that the peremptory writ of prohibition issue, to remain in force until the determination of the appeal.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ., concur.